IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Microsoft Corporation, a Washington corporation, | Court File No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| | **(Injunctive Relief Sought)** |
| Cameco Technologies, LLC, a Minnesota limited liability company, d/b/a Cameco Computers, and John Does 1-5, | |
| Defendants. | |

Microsoft Corporation ("Microsoft") brings this action against Defendants Cameco Technologies, LLC, a Minnesota limited liability company d/b/a Cameco Computers ("Cameco"), and John Does 1 through 5 (collectively "Defendants") alleging that they engaged in copyright and trademark infringement; false designation of origin, false description and representation; and unfair competition. Microsoft seeks damages, an accounting, the imposition of a constructive trust upon Defendants' illegal profits, and injunctive relief.

## THE PARTIES

1.    Microsoft is a Washington corporation with its principal place of business located in Redmond, Washington. Microsoft develops, markets, distributes, and licenses computer software.

2.    Upon information and belief, defendant Cameco Technologies, LLC is a Minnesota limited liability company that does business as Cameco Computers on the

Internet and in West Saint Paul, Minnesota.  Cameco is engaged in the business of advertising, marketing, installing, offering, and distributing computer hardware and software, including purported Microsoft software.

3.      Upon information and belief, defendant John Doe 1 is an individual who does business as and/or owns, operates, or otherwise controls Cameco.  Upon information and belief, John Doe 1 (a) personally participated in and/or had the right and ability to direct and control the wrongful conduct alleged in this Complaint, and (b) derived direct financial benefit from that wrongful conduct.  Upon information and belief, John Doe 1 resides and transacts substantial business in this district.

4.      Upon information and belief, defendant John Doe 2 is an individual who does business as and/or owns, operates, or otherwise controls Cameco.  Upon information and belief, John Doe 2 (a) personally participated in and/or had the right and ability to direct and control the wrongful conduct alleged in this Complaint, and (b) derived direct financial benefit from that wrongful conduct.  Upon information and belief, John Doe 2 resides and transacts substantial business in this district.

5.      Upon information and belief, defendant John Doe 3 is an individual who does business as and/or owns, operates, or otherwise controls Cameco.  Upon information and belief, John Doe 3 (a) personally participated in and/or had the right and ability to direct and control the wrongful conduct alleged in this Complaint, and (b) derived direct financial benefit from that wrongful conduct.  Upon information and belief, John Doe 3 resides and transacts substantial business in this district.

6.     Upon information and belief, defendant John Doe 4 is an individual who does business as and/or owns, operates, or otherwise controls Cameco.  Upon information and belief, John Doe 4 (a) personally participated in and/or had the right and ability to direct and control the wrongful conduct alleged in this Complaint, and (b) derived direct financial benefit from that wrongful conduct.  Upon information and belief, John Doe 4 resides and transacts substantial business in this district.

7.     Upon information and belief, defendant John Doe 5 is an individual who does business as and/or owns, operates, or otherwise controls Cameco.  Upon information and belief, John Doe 5 (a) personally participated in and/or had the right and ability to direct and control the wrongful conduct alleged in this Complaint, and (b) derived direct financial benefit from that wrongful conduct.  Upon information and belief, John Doe 5 resides and transacts substantial business in this district.

## JURISDICTION

8.     This Court has subject matter jurisdiction over Microsoft's claims for trademark infringement, copyright infringement, and related claims pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501, 28 U.S.C. §§ 1331 and 1338(a).

9.     This Court has supplemental jurisdiction over Microsoft's claims arising under the laws of Minnesota pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Microsoft's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

## VENUE

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and § 1400(a) because (a) the acts of infringement and other wrongful conduct alleged occurred in the District of Minnesota, (b) Defendants may be found in the District of Minnesota, and (c) Defendants have a sufficient connection with the District of Minnesota to make venue proper in this district, all as alleged in this Complaint.

## FACTS COMMON TO ALL CLAIMS

11.     Microsoft develops, advertises, markets, distributes, and licenses a number of computer software programs. Microsoft's software programs are recorded on discs, and they are packaged and distributed together with associated proprietary materials such as user's guides, user's manuals, end user license agreements, and other components.

12.     Microsoft Windows XP:  Microsoft has developed, advertises, markets, distributes, and licenses a software package known as Microsoft Windows XP Professional ("Windows XP").  Windows XP is an operating system for desktop and laptop systems.  It performs a number of computer-related operations including, but not limited to, providing support for various applications and allowing remote access to data and applications stored on Windows XP desktops from network connections.  Microsoft holds a valid copyright in Windows XP (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office.  A true and correct copy of the Registration Certificate for Microsoft Windows XP, bearing the number TX 5-407-055, is attached hereto as Exhibit 1 and is incorporated by reference.

13.     Microsoft has also duly and properly registered a number of trademarks and a service mark in the United States Patent and Trademark Office on the Principal Register, including, but not limited to:

A.     "MICROSOFT," Trademark and Service Mark Registration No. 1,200,236, for computer programs and computer programming services;

B.     "MICROSOFT," Trademark Registration No. 1,256,083, for computer hardware and software manuals, newsletters, and computer documentation;

C.     WINDOWS, Trademark Registration No. 1,872,264 for computer programs and manuals sold as a unit; and

D.     COLORED FLAG DESIGN, Trademark Registration No. 2,744,843, for computer software;

True and correct copies of the Trademark Registrations for A through D above are attached hereto as Exhibits 2 through 5, respectively, and are incorporated by reference.

**Defendants' Infringement**

14.     Defendants advertised, marketed, installed, offered and distributed unauthorized copies of Microsoft software, infringing Microsoft's copyrights, trademarks and/or service mark.

15.     On information and belief, Defendants advertise that the computers that they sell come pre-installed with Microsoft software. In their advertisements, Defendants misappropriate and/or infringe Microsoft's copyrights, advertising ideas, style of doing business, slogans, trademarks, and/or service mark.

16.    Computers sold by Defendants actually have infringing copies of Microsoft software installed.

17.    In or about December 2010, Defendants distributed to an investigator a computer system with an unauthorized copy of Windows XP installed on it.

18.    By letter dated January 25, 2011, Microsoft asked Defendants to cease and desist from making and distributing infringing copies of Microsoft software on computers.

19.    Nevertheless, in or about June 2011, Defendants distributed to an investigator computer systems with unauthorized copies of Windows XP installed on them.

20.    On information and belief, these are not isolated incidents.   Rather, Defendants have been and continue to be involved in advertising, marketing, installing, offering, and/or distributing counterfeit and infringing copies of Microsoft's software and/or related components to unidentified persons or entities.

21.    On information and belief, Defendants have committed and are continuing to commit acts of copyright and trademark infringement against Microsoft.   On information and belief, at a minimum, Defendants were willfully blind and acted in reckless disregard of Microsoft's registered copyrights, trademarks, and service marks.

22.    On information and belief, Microsoft has been harmed by Defendants' activities, including their advertising activities and the unauthorized use of Microsoft's copyright protected material and/or Microsoft's marks to describe the items that Defendants are distributing.

## COUNT ONE

### [Copyright Infringement – 17 U.S.C. § 501, et seq.]

### Against Defendants

23.    Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 22, inclusive.

24.    Microsoft is the sole owner of Microsoft Windows XP and of the corresponding copyright and Certificate of Registration.

25.    Defendants have infringed the copyrights in Microsoft's software, including but not limited Microsoft Windows XP, by advertising, marketing, installing, offering, and/or distributing infringing materials in the United States of America without approval or authorization from Microsoft.

26.    At a minimum, Defendants acted with willful blindness to and in reckless disregard of Microsoft's registered copyrights.

27.    As a result of their wrongful conduct, Defendants are liable to Microsoft for copyright infringement.  17 U.S.C. § 501.  Microsoft has suffered damages.  Microsoft is entitled to recover damages, which include any and all profits Defendants have made as a result of their wrongful conduct.  17 U.S.C. § 504.  Alternatively, Microsoft is entitled to statutory damages under 17 U.S.C. § 504(c).

28.    In addition, for the reasons set forth above, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

29.    Microsoft is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503.

Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's copyrights are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement harms Microsoft such that Microsoft could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

30. Microsoft is also entitled to recover its attorneys' fees and costs of suit. 17 U.S.C. § 505.

## COUNT TWO

### [Trademark Infringement – 15 U.S.C. § 1114]

### Against Defendants

31. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 30, inclusive.

32. Defendants' activities constitute infringement of Microsoft's federally registered trademarks and service mark in violation of the Lanham Trademark Act, including but not limited to 15 U.S.C. § 1114(1).

33. Because Microsoft advertises, markets, distributes, and licenses its software under the trademarks and service mark described in this Complaint, these trademarks and service mark are the means by which Microsoft's software is distinguished from the software and related items of others in the same or related fields.

34. Because of Microsoft's long, continuous, and exclusive use of these trademarks and service mark, they have come to mean, and are understood by customers, end users, and the public to signify, software programs or services of Microsoft.

35.    The infringing materials that Defendants have and are continuing to advertise, market, install, offer, and distribute are likely to cause confusion, mistake, or deception as to their source, origin, or authenticity.

36.    Further, Defendants' activities are likely to lead the public to conclude, incorrectly, that the infringing materials that Defendants are advertising, marketing, installing, offering, and/or distributing originate with or are authorized by Microsoft, to the damage and harm of Microsoft, its licensees, and the public.

37.    Upon information and belief, Defendants advertised, marketed, installed, offered or distributed infringing material with the purposes of misleading or confusing customers and the public as to the origin and authenticity of the infringing materials and of trading upon Microsoft's business reputation.

38.    At a minimum, Defendants acted with willful blindness to and in reckless disregard of Microsoft's registered marks.

39.    As a result of their wrongful conduct, Defendants are liable to Microsoft for trademark infringement.    15 U.S.C.  §  1114(1).   Microsoft has suffered damages. Microsoft is entitled to recover damages, which include any and all profits Defendants have made as a result of their wrongful conduct. 15 U.S.C. § 1117(a).

40.    In addition, because Defendants' infringement of Microsoft's trademarks and service mark as described above, the award of actual damages and profits should be trebled pursuant to 15 U.S.C. §1117(b).  Alternatively, Microsoft is entitled to statutory damages under 15 U.S.C. § 1117(c).

41.     Microsoft is also entitled to injunctive relief pursuant to 15 U.S.C. §

1116(a) and to an order compelling the impounding of all infringing materials advertised,

marketed, installed, offered or distributed by Defendants pursuant to 15 U.S.C. § 1116,

subsections (a) and (d)(1)(A).   Microsoft has no adequate remedy at law for Defendants'

wrongful conduct because, among other things, (a) Microsoft's trademarks and service

mark are unique and valuable property which have no readily determinable market value,

(b) Defendants' infringement constitutes harm to Microsoft's such that Microsoft could

not be made whole by any monetary award, (c) if Defendants' wrongful conduct is

allowed to continue, the public is likely to become further confused, mistaken, or

deceived as to the source, origin or authenticity of the infringing materials, and (d)

Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

42.     Microsoft is also entitled to recover its attorneys' fees and costs of suit.  15

U.S.C. § 1117.

## COUNT THREE

**[False Designation Of Origin, False Description And Representation --15 U.S.C. §**

**1125 et seq.]**

### Against Defendants

43.     Microsoft repeats and incorporates by this reference each and every

allegation set forth in paragraphs 1 through 42, inclusive.

44.     Because Microsoft advertises, markets, distributes, and licenses its software

under the trademarks and service mark described in this Complaint, these trademarks and

service mark are the means by which Microsoft's software is distinguished from the software or products of others in the same field or related fields.

45. Because of Microsoft's long, continuous, and exclusive use of these trademarks and service mark, they have come to mean, and are understood by customers, end users, and the public to signify, software or services of Microsoft.

46. Microsoft has also designed distinctive and aesthetically pleasing displays, logos, icons, graphic images, and packaging (collectively, "Microsoft visual designs") for its software programs.

47. Defendants' wrongful conduct includes the use of Microsoft's marks, name, and/or imitation visual designs, specifically displays, logos, icons, graphic designs, and/or packaging virtually indistinguishable from Microsoft visual designs, in connection with their goods and services.

48. Upon information and belief, Defendants engaged in such wrongful conduct with the purpose of misleading or confusing customers and the public as to the origin and authenticity of the goods and services advertised, marketed, installed, offered or distributed in connection with Microsoft's marks, name, and imitation visual designs, and of trading upon Microsoft's goodwill and business reputation. Defendants' conduct constitutes (a) false designation of origin, (b) false or misleading description, and (c) false or misleading representation that the imitation visual images originate from or are authorized by Microsoft, all in violation of § 43(a) of the Lanham Trademark Act, set forth at 15 U.S.C. § 1125(a).

49.   Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

50.   As a result of Defendants' wrongful conduct, Microsoft has suffered and will continue to suffer damages.  Microsoft is entitled to injunctive relief and to an order compelling the impounding of all imitation marks and visual designs being used, advertised, marketed, installed, offered or distributed by Defendants.  Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's marks, name and visual designs are unique and valuable property which have no readily-determinable market value, (b) Defendants' advertising, marketing, installation, or distribution of imitation visual designs constitutes harm to Microsoft such that Microsoft could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

## COUNT FOUR

### [Minnesota Common Law Unfair Competition]

### Against Defendants

51.   Microsoft realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 50, inclusive.

52.   The acts and conduct of Defendants as alleged above in this complaint constitute unfair competition pursuant to the common law of the State of Minnesota.

53.   Defendants' acts and conduct as alleged above have damaged and will continue to damage Microsoft and have resulted in an illicit gain of profit to Defendants in an amount that is unknown at the present time.

## COUNT FIVE

### [For Imposition Of A Constructive Trust Upon Illegal Profits]

### Against Defendants

54.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 53, inclusive.

55.     Defendants' conduct constitutes deceptive and wrongful conduct in the nature of passing off the infringing materials as genuine Microsoft software or related components approved or authorized by Microsoft.

56.     By virtue of Defendants' wrongful conduct, Defendants have illegally received money and profits that rightfully belong to Microsoft.

57.     Upon information and belief, Defendants hold the illegally received money and profits in the form of bank accounts, real property, or personal property that can be located and traced.

58.     Defendants hold the money and profits they have illegally received as constructive trustees for the benefit of Microsoft.

### COUNT SIX

### [Accounting]

### Against Defendants

59.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 58, inclusive.

60.   Microsoft is entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, to recover any and all profits of Defendants that are attributable to their acts of infringement.

61.   Microsoft is entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, to actual damages or statutory damages sustained by virtue of Defendants' acts of infringement.

62.   The amount of money due from Defendants to Microsoft is unknown to Microsoft and cannot be ascertained without a detailed accounting by Defendants of the precise number of units of infringing material advertised, marketed, installed, offered or distributed by Defendants.

### PRAYER FOR RELIEF

WHEREFORE, Microsoft respectfully requests judgment as follows:

(1)   That the Court enter judgment against Defendants as indicated below:

(a)   that Defendants have infringed Microsoft's rights in the following federally registered copyright, in violation of 17 U.S.C. § 501:   TX 5-407-055 ("Windows XP");

(b)   that Defendants have infringed Microsoft's rights in the following federally registered trademarks and service mark, in violation of 15 U.S.C. § 1114:

(1)   1,200,236 ("MICROSOFT");

(2)   1,256,083 ("MICROSOFT");

(3)   1,872,264 ("WINDOWS"); and

(4)   2,744,843 (COLORED FLAG DESIGN);

14

(c)     that the infringement described in 1(a) and 1(b) was committed, at a minimum, with willful blindness and/or reckless disregard;

(d)     that Defendants have committed and are committing acts of false designation of origin, false or misleading description of fact, and false or misleading representation against Microsoft, in violation of 15 U.S.C. § 1125(a);

(e)     that Defendants have engaged in unfair competition in violation of Minnesota common law; and

(f)     that Defendants have otherwise injured the business reputation and business of Microsoft by the acts and conduct set forth in this Complaint.

(2)     That the Court issue injunctive relief against Defendants, and that Defendants, their directors, principals, officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants, be enjoined and restrained from:

(a)     imitating, copying, or making any other infringing use or infringing distribution of the software programs, components, end user license agreements ("EULA"), certificates of authenticity ("COAs") and/or items protected by the following copyright Certificate Registration No .: TX 5-407-055 ("Windows XP");

or the software programs, components and/or items protected by Microsoft's registered trademarks and service mark, including, but not limited to, the following Trademark Registration Nos.:

(1)     1,200,236 ("MICROSOFT");

(2)     1,256,083 ("MICROSOFT");

(3)     1,872,264 ("WINDOWS"); and

(4)     2,744,843 (COLORED FLAG DESIGN);

and any other items or works now or hereafter protected by any Microsoft trademark or copyright;

(b)     manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any software program, component, EULA, COA and/or item bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of Microsoft's registered trademarks, service mark, or copyrights, including, but not limited to, the Trademark, Service Mark, and Copyright Registration Numbers listed in Sections (2)(a) above;

(c)     using any simulation, reproduction, counterfeit, copy, or colorable imitation of Microsoft's registered trademarks, service mark, or copyright including, but not limited to the Trademark, Service Mark, and Copyright Registration Numbers listed in Section (2)(a) above, in connection with the manufacture, assembly, production, distribution, offering for distribution, circulation, sale, offering for sale, import, advertisement, promotion, or display of any software program, component, EULA, COA, and/or item not authorized or licensed by Microsoft;

(d)     using any false designation of origin or false or misleading description or false or misleading representation that can or is likely to lead the trade or public or individuals erroneously to believe that any software program, component, and/or item has been manufactured, assembled, produced, distributed, offered for

distribution, circulation, sold, offered for sale, imported, advertised, promoted, displayed,

licensed, sponsored, approved, or authorized by or for Microsoft, when such is not true in

fact;

       (e)    engaging in any other activity constituting an infringement of any of

Microsoft's trademarks, service mark and/or copyrights, or of Microsoft's rights in, or

right to use or to exploit, these trademarks, service mark, and/or copyrights; and

       (f)    assisting, aiding, or abetting any other person or business entity in

engaging in or performing any of the activities referred to in subparagraphs (a) through

(e) above.

    (3)    That the Court enter an order pursuant to 15 U.S.C. § 1116(a)(d)(1)(A) and

17 U.S.C. § 503 impounding all counterfeit and infringing copies of purported Microsoft

software and/or materials bearing any of Microsoft's trademarks or service mark, and any

related item, including business records, that is in Defendants' possession or under their

control.

    (4)    That the Court enter an order declaring that Defendants hold in trust, as

constructive trustees for the benefit of Microsoft, their illegal profits obtained from their

distribution of counterfeit and infringing copies of Microsoft's software, and requiring

Defendants to provide Microsoft a full and complete accounting of all amounts due and

owing to Microsoft as a result of Defendants' illegal activities.

    (5)    That the Court order Defendants to pay Microsoft's general, special, actual,

and statutory damages as follows:

     (a)     Microsoft's damages and Defendants' profits pursuant to 17 U.S.C. § 504(b), or alternatively, enhanced statutory damages pursuant to 17 U.S.C. § 504(c), and 17 U.S.C. § 504(c)(2);

     (b)     Microsoft's damages and Defendants' profits pursuant to 15 U.S.C. § 1117(a), trebled pursuant to 15 U.S.C. § 1117(b), or in the alternative, statutory damages pursuant to 15 U.S.C. §1117(c) for each counterfeit mark; and

     (c)     Microsoft's damages and Defendants' profits pursuant to Minnesota common law.

     (6)     That the Court order Defendants to pay to Microsoft both the costs of this action and the reasonable attorneys' fees incurred by it in prosecuting this action; and

     (7)     That the Court grant to Microsoft such other and additional relief as is just and proper.

Dated:  February 15, 2012

     Bradley J. Lindeman (#0298116)
     Meagher & Geer, P.L.L.P.
     33 South Sixth Street, Suite 4400
     Minneapolis, MN  55402
     (612) 338-0661

     ***Attorneys for Plaintiff***
     ***Microsoft Corporation***